IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIOLOGICAL TREATMENT SYSTEMS, LLC, a New Jersey limited liability company, <br><br> and <br><br> UNIVERSAL TECHNICAL RESOURCE SERVICES, INC., a New Jersey corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL SYSTEMS MANAGEMENT INTERNATIONAL, LLC, a Pennsylvania limited liability company <br><br> and <br><br> MANAF FARHAN, Ph.D., Individually and as Managing Member of Environmental Systems Management International, LLC, <br><br> Defendants. | CIVIL ACTION NO. |

## **ORDER**

THIS _____ day of July, 2002, upon consideration of the Motion of Plaintiffs, Biological Treatment Systems, LLC. ("BTS") and Universal Technical Resource Services, Inc. ("UTRS"), for a Temporary Restraining Order and Preliminary Injunctive Relief against defendants Environmental Systems Management International, LLC ("ESMI") and Manaf Farhan, Ph.D. ("Farhan"), by and through their undersigned attorneys, and the Court having determined that plaintiffs will suffer irreparable injury through the unauthorized use of their confidential and proprietary information and defendants' breach of their fiduciary obligations absent the entry of a Temporary Restraining Order and the Court noting that the defendants and counsel for defendants have been given notice of plaintiffs' request for a Temporary Restraining

Order and the Court having determined that: (1) plaintiffs' have established a likelihood of success on the merits; (2) plaintiffs are being and will continue to be immediately and irreparably harmed absent the entry of a Temporary Restraining Order; (3) the harm to be suffered by plaintiffs absent the Temporary Restraining Order outweighs the potential harm to defendants related to the imposition of judicial restraints; and (4) the public interest is served by the issuance of a Temporary Restraining Order,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendants are hereby enjoined from using the confidential and proprietary information of plaintiffs in any manner;

2. Defendants are hereby enjoined from contacting, attempting to contact, or otherwise soliciting plaintiffs' customers or prospective customers as specified in the Operating Agreement of Biological Treatment Systems, LLC and the Employment Agreement between BTS and Farhan;

3. Defendants are hereby enjoined from competing with plaintiffs pursuant to the express terms of the contractual agreements between the parties;

4. Defendants, within five (5) days, must return to plaintiffs immediately any and all confidential and proprietary information of plaintiffs that is in their possession, custody or control;

5. Defendant Farhan is enjoined from coming within 500 feet of the physical buildings in which the offices and business of BTS and UTRS are located, including BTS's Bala Cynwyd Facility and Cherry Hill office; and

6. This Temporary Restraining Order shall remain in full force and effect for ten (10) days from the date hereof unless within such time the order for good cause shown is extended or unless defendants consent that it may be extended for a longer period of time;

IT IS FURTHER ORDERED that plaintiffs file with the Clerk of this Court a bond in the sum of $_____ as security for the payment of such costs and damages as may be incurred or suffered by the defendants if it is found that they have been wrongfully enjoined and restrained;

IT IS FURTHER ORDERED that plaintiffs' motion for a preliminary injunction be set for hearing before the undersigned in Philadelphia, Pennsylvania on the _____ day of _____, 2002 at _____ o'clock a.m. in Court Room ___.

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIOLOGICAL TREATMENT SYSTEMS, LLC, a New Jersey limited liability company, <br><br>and<br><br>UNIVERSAL TECHNICAL RESOURCE SERVICES, INC., a New Jersey corporation,<br><br>      Plaintiffs,<br><br>      v.<br><br>ENVIRONMENTAL SYSTEMS MANAGEMENT INTERNATIONAL, LLC, a Pennsylvania limited liability company<br><br>and<br><br>MANAF FARHAN, Ph.D., Individually and as Managing Member of Environmental Systems Management International, LLC,<br><br>      Defendants. | CIVIL ACTION NO. |

**MOTION FOR TEMPORARY RESTRAINING**
**ORDER AND PRELIMINARY INJUNCTION**

      Biological Treatment Systems, LLC. ("BTS") and Universal Technical Resource Services, Inc. ("UTRS"), by and through their undersigned attorneys, hereby respectfully move the Court for the setting of a hearing date on plaintiffs' application for preliminary injunctive relief and for entry of temporary restraints pursuant to Fed.R.iv.P. 65 and in support thereof state as follows:

      1.    On July 12, 2002, BTS and UTRS filed a Verified Complaint seeking immediate emergent temporary and permanent injunctive relief to enjoin and restrain defendants Environmental Systems Management International, LLC ("ESMI") and Manaf Farhan, Ph.D.

("Farhan") from continuing the unauthorized use of plaintiffs' confidential and proprietary information and unlawfully competing against plaintiffs.

      2.      Plaintiffs, through their undersigned counsel have attempted to provide telephonic notice of this Motion to defendants through defendants' counsel Jonathan Hollin, Esquire, of Powell, Trachtman, Logan, Carrle, Bowman & Lombardo, P.C., 475 Allendale Road, Suite 200, King of Prussia, Pennsylvania 19406, (610) 354-9700.

      3.      Plaintiffs aver that the facts set forth in the Verified Complaint demonstrate that immediate and irreparable injury, loss, or damage will result to plaintiffs absent the entry of a Temporary Restraining Order.

      4.      Plaintiffs aver that they have established facts sufficient to demonstrate that: a) plaintiffs will likely prevail on the merits of their claims against defendants at trial; b) plaintiffs are being, and will continue to be, irreparably harmed by the actions of defendants; c) the harm to plaintiffs absent the injunctive relief requested far outweighs any potential harm to defendants should the injunctive relief be granted; and that the entry of the injunctive relief sought by plaintiffs is in the public interest.

WHEREFORE, plaintiffs respectfully request the Court to enter the proposed Order setting a hearing date for the entry of preliminary injunctive relief and providing temporary restraints.

Respectfully submitted,

_____
Glenn A. Harris, Esquire
Kelly A. Walenda, Esquire
Attorney Id. Nos. 51222 and 70842

Counsel for Plaintiffs

OF COUNSEL:

Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103