UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Biological Treatment Systems, LLC, et al, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | NO. 02-4642 |
| v. | : | |
| | : | |
| Environmental Systems Management International, LLC, et al, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

AND NOW, this ___ day of _____, 2002, after consideration of the Motion to Dismiss of Defendants Environmental Systems Management International, LLC and Manaf Farhan, Ph.D., and the Plaintiffs' response thereto, it is hereby ORDERED that Counts III and VII are dismissed by agreement of the parties.

It is further ORDERED that, with regard to their Motion to Dismiss Count V of the Complaint, the Motion of Defendants is hereby DENIED.

BY THE COURT:

_____
Honorable Clifford Scott Green

PHL_A #1661345 v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Biological Treatment Systems, LLC, et al, :
:
         Plaintiffs, : CIVIL ACTION
: NO. 02-4642
v. :
:
Environmental Systems Management :
International, LLC, et al, :
:
         Defendants. :

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS
COUNTS III, V AND VII OF PLAINTIFFS' COMPLAINT**

**I.     INTRODUCTION**

On July 12, 2002, Plaintiffs Biological Treatment Systems, LLC ("BTS") and Universal Technical Resource Services, Inc. ("UTRS") (collectively, "Plaintiffs") filed their Complaint in this action against Defendants Environmental Systems Management International, LLC ("ESMI") and Manaf Farhan, Ph.D. ("Dr. Farhan"). Plaintiffs filed an Amended Complaint on July 24, 2002, in which UTRS asserts four claims against ESMI and BTS asserts four claims against Dr. Farhan because they have breached their written contracts as well as their common law obligations to Plaintiffs. Dr. Farhan had been under the employ of UTRS from 1995 to 1997, when Dr. Farhan proposed that UTRS and ESMI form a joint venture, BTS, under the laws of the State of New Jersey, to develop, construct, operate and maintain full-scale anaerobic fluidized bed reactors ("AFBR") world-wide. Amended Complaint, ¶ 10. In December 1997, BTS was formed and an operating agreement governing the conduct of the business and affairs

of BTS was executed by UTRS and ESMI ("Operating Agreement"). Amended Complaint, ¶ 9. Pursuant to the terms of the Operating Agreement, UTRS and ESMI agreed to become the only two members of BTS. Amended Complaint, ¶ 9. The parties' intention was to "commercialize the technology for a full-scale anaerobic fluidized bed reactor used to treat and convert liquid organic waste into carbon dioxide and methane gas, allowing the methane gas to be used for energy co-generation on-site, and intend for [BTS] to market and sell these services." Complaint, Exhibit A, at p.1. ESMI agreed to abide by the provisions of the agreement and any other applicable laws as a party to the Operating Agreement.

Moreover, as a matter of law and implicit in the Operating Agreement is the duty of each party to honor its fiduciary duty. ESMI, as a party to this agreement, is bound by this duty.[1] Nonetheless, ESMI, through its sole shareholder, Dr. Farhan, breached its fiduciary duties to UTRS when it failed to look after the best interests of BTS, engaged in conduct that undermined the success of BTS, and failed to exercise the degree of fairness and good faith that is part of its fiduciary duty. As set forth in paragraphs 24 through 27 and 30 through 34 of the Amended Complaint, ESMI revealed BTS's confidential and proprietary information to compete directly and indirectly with BTS, and used BTS's lab, personnel, and equipment for the benefit of third parties, namely Dr. Farhan and other companies owned by him. Therefore, Defendants'

---

[1] Also in 1997, BTS and Dr. Farhan entered into an employment agreement wherein Dr. Farhan agreed, among other things, to devote his full time and attention and good faith efforts to the performance of his duties for the success of BTS; not to divulge BTS's confidential and proprietary information; and not to compete with BTS. See Exhibit B to the Complaint, ¶ ¶ 3, 8.1, 8.5 and 8.6.

Motion to Dismiss Count V of the Amended Complaint must be denied.[2]

## II. APPLICABLE LAW

A federal court sitting in diversity must apply the choice of law provisions of the forum state. In Pennsylvania, the courts will enforce a choice of law provision contained in an agreement executed by the parties. Robert Half International, Inc. v. Stenz, 2000 WL 1716760 (E.D. Pa. Nov. 17, 2000).

Here, the Operating Agreement between UTRS and ESMI states, in pertinent part, that "this Agreement shall be governed by, construed in, and enforced in accordance with the laws of the State of New Jersey…" In addition, BTS and Farhan executed an Employment Agreement which specifies that New Jersey law should govern. It states, in pertinent part, that "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey." This Court, sitting in diversity, therefore, should apply Pennsylvania's choice of law provisions, which state that a valid choice of law provision will be enforced. Id. This Court, therefore, should apply New Jersey law in this case.

## III. STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court's standard of review is plenary. Malia v. General Electric Co., 23 F.3d 828, 829 (3d Cir. 1994). "A motion to dismiss pursuant

---

[2] Plaintiffs hereby respectfully withdraw Counts III (conversion) and VII (misappropriation of trade secrets) of the Amended Complaint, two of the four counts UTRS has brought against ESMI and that defendants have moved to dismiss, because BTS asserts identical claims against Dr. Farhan in Counts IV and VIII of the Amended Complaint. Moreover, the Amended Complaint still contains two counts by UTRS against ESMI under which UTRS can seek to recover appropriate equitable relief to prevent further damage by ESMI.

to Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)). If, under any reasonable interpretation, the plaintiff may be entitled to relief, the motion to dismiss must be denied. In order to grant such a motion, the court must conclude that the plaintiffs will be unable to prove any set of facts entitling them to relief. Lake v. Arnold, 232 F.3d 360-365 (3d Cir. 2000). Under this standard, the defendants' motion must be denied.

## IV.  ARGUMENT

Defendants have argued that ESMI as a minority member cannot be held out as a fiduciary of a corporation. However, in New Jersey it is well-settled law that minority shareholders owe the remaining shareholders a fiduciary duty in certain circumstances. Muellenberg v. Bikon Corp., 669 A.2d 1382, 1385 (N.J. 1996). The New Jersey courts have recognized that shareholders in a closely held corporation often have different interests and issues than their counterparts in publicly held corporations. Id. In New Jersey, a close corporation has been defined as "a corporation where management and ownership are substantially identical to the extent that the independent judgment of directors is, in fact, a fiction." 68th Street Apts., Inc. v. Lauricella, 362 A.2d 78, 84 (N.J. Super. 1976). The relationship of the principals, therefore, is deemed to be like that of partners or joint venturers, as opposed to majority and minority corporate shareholders. Id. at 86; Muellenberg, 669 A.2d at 1385. As a result, the shareholders owe each other the same fiduciary duty that partners in a partnership owe one another. Id. Partners are required to act with the "utmost good faith and

loyalty" to one another. Id. Likewise, shareholders in a closely held corporation are required to act in conformity with this same standard. Id.

On December 3, 1997, UTRS and ESMI entered into an Operating Agreement which outlined the conduct of the business and affairs of BTS. See Amended Complaint, ¶ 8. Pursuant to this agreement, UTRS and ESMI agreed to become the only two members of a newly created limited liability company. See Amended Complaint, ¶ 9. ESMI, through its principal shareholder, Manaf Farhan, and UTRS made all decisions for BTS. In essence, the two parties managed, as well as owned, BTS, just as is done in partnerships and in joint ventures. This mingling of management and ownership responsibilities qualifies BTS as a closely held corporation as defined under New Jersey law. 68th Street Apts., Inc., 362 A.2d at 86. ESMI, as a minority shareholder, therefore, owed a fiduciary duty to UTRS because all shareholders of a closely held corporation are bound by a fiduciary duty. Id. at 86; Muellenberg, 669 A.2d at 1385.

Moreover, BTS is a limited liability company organized under the laws of the State of New Jersey. The relevant provision of New Jersey statutory corporate law provides that a member of a limited liability company shall not be personally liable for failure to comply with the terms of the operating agreement unless such liability is provided for in the agreement or "unless such failure to perform or to comply or such other reason constitutes gross negligence or willful misconduct." N.J. Stat. Ann. § 42:2B-26 (emphasis added). ESMI's participation in activities that directly competed with BTS and its revelation of BTS's confidential information through its sole agent, Dr. Farhan, constitutes willful misconduct for which ESMI can be held responsible as a minority member of a limited liability company.

Plaintiffs have alleged facts in the Amended Complaint that demonstrate that defendant ESMI's conduct with regard to its relationship with UTRS amounted to a breach of its fiduciary duty and willful misconduct that exposes ESMI to liability. The standard of review for a motion to dismiss requires that these allegations be accepted as true. Therefore, Defendants' Motion to Dismiss must be denied.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the Motion of Defendants Environmental Systems Management International, LLC and Manaf Farhan to Dismiss Count V of the Complaint.

Dated: September __, 2002

_____
John B. Langel, 20714
Kelly A. Walenda, 70842
Karen D. McCarthy, 87730
Attorneys for Plaintiffs

OF COUNSEL:

Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 665-8500

## **CERTIFICATE OF SERVICE**

I, Karen D. McCarthy, Esquire, hereby certify that I caused a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Motion to Dismiss Addressed to Defendants to be served upon the following by delivering copies via First-Class Mail, addressed as follows:

>Jonathan K. Hollin, Esquire
>Powell, Trachtman, Logan, Carrle,
>Bowman & Lombardo, P.C.
>475 Allendale Road
>Suite 200
>King of Prussia, PA  19406

Dated: September ___, 2002

_____
Karen D. McCarthy